UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**VINCENT MARK CASTILLO**                                                         **CIVIL ACTION**

**VERSUS**                                                                                      **NO.  14-2917**

**KEITH BICKHAM, ET AL.**                                                         **SECTION "E" (5)**

<u>ORDER AND REASONS</u>

Plaintiff, Vincent Mark Castillo, a prisoner presently incarcerated in the B.B. (Sixty) Rayburn Correctional Center, has been granted leave to file this *pro se* complaint pursuant to Title 42 U.S.C. § 1983.  With his complaint, Castillo filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This is a non-dispositive pretrial matter which was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1B(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

Castillo is a frequent, vexatious litigant in the federal courts.[1]  He has on numerous occasions, while incarcerated, filed *pro se* and *in forma pauperis* civil rights complaints in the federal district courts of Louisiana.  The Court's records establish that at least three of these actions or related appeals were dismissed as frivolous or for failure to state a claim: *Castillo v. State of Louisiana, et al.,* Civil Action No. 00-1826 "B" (E.D. La. 2002); *Castillo v. Brockhoeft,* Civil Action No. 02-690-GTP (E.D. La. 2002) (appeal dismissed as frivolous, No. 02-30811 (5th Cir. May 13, 2003)); *Castillo v. Hebert, et al.*, Civil Action No. 02-792 (E.D. La. 2002) (appeal dismissed as frivolous, No. 02-31132 (5th Cir. Sept. 10, 2003); *Castillo v. State of Louisiana*, No. 04-30216 (5th Cir. 2004) (appeal dismissed as frivolous).[2]

Castillo attempts to assert imminent danger as an exception to the three-strikes rule that otherwise bars him from proceeding *in forma pauperis* in the instant case.  In his complaint (Rec. Doc. 1) and motion for a temporary restraining order (Rec. Doc. 5), Castillo alleges he has been subjected to various abuses by prison staff.  These incidents include stripping him naked, flooding his cell and leaving him in that condition for more than one week; forcing him to the ground and smearing him with bodily waste; and using excessive amounts of chemical agent spray that caused cancer in his hands, for which he is not being

---

[1] The instant lawsuit in fact required leave of court from a district judge to file because Castillo had been sanctioned by this Court in an earlier civil lawsuit for filing a patently frivolous claim and submitting false information to the Court. Civ. Action No. 07-3386-CJB-JCW).

[2] The United States District Courts for the Middle and Western Districts of Louisiana have barred Castillo from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury, pursuant to 28 U.S.C. §1915(g).  *Castillo v. Stalder, et al.*, 04-560-B-1 (M.D. La. Oct. 19, 2004); *Castillo v. Claiborne Parish Detention Center, et al.*, 03-878-P (W.D. La. July 2, 2003).

treated.  He further alleges that he is housed in a cell next to a prisoner with a communicable disease (HIV), and defendants allow this prisoner to throw bodily fluids and waste at Castillo. His request for a restraining order concludes that unless restrained, defendants will "force Castillo to get his head shaved bald and with a used infected bed sheet around his neck, Castillo is in danger of contracting HIV or other diseases from the prisoner next to him.  Castillo has already had 7 staples put in his head by the defendants and they will take him outside of the cameras and beat and injure him then falsely charge him with felony simple battery."  (Rec. Doc. 5).

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.  *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir.2002); *Banos v. O'Guin*, 144 F.3d 883, 884-885 (5th Cir. 1998); *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir.2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003) (*citing Heimermann v. Litscher*, 337 F.3d 781 (7th Cir.2003).  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.  *Davis v. Stephens*, No. 14-10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times); *see also Johnson v. Barney*, No. 04-10204, 2005 WL 2173950, at *1–2 (S.D.N.Y.

Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

Although Congress has not defined "serious physical injury," that phrase has been interpreted by the federal courts and applied in instances suggesting a significant and substantial risk to an inmate's health or safety. *See*, *e.g.*, *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("An allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception."); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (finding imminent danger of serious physical injury where defendants repeatedly and knowingly placed plaintiff near inmates on his "enemy list," leading to violent assaults); *McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (ongoing delayed tooth extractions with risk of infection); *Brown v. Johnson*, 387 F.3d 1344, 1350 (denial of adequate treatment for HIV and Hepatitis C, both chronic and potentially fatal diseases, rose to the level of serious physical injury"); *Ibrahim v. District of Columbia, et al.*, 463 F.3d 3, 7 (D.C. Cir. 2006)(a chronic disease that could result in serious harm or even death constitutes 'serious physical injury'); *Ball v. Famiglio, et al.*, 1:11-CV-1834, 2015 WL 136568, at *7 (M.D. Pa. Jan. 8, 2015) (alleged refusal to provide medical treatment for eye condition causing loss of vision satisfied exception for imminent danger of serious physical injury).

Guided by these principles, even construing Castillo's allegations liberally, the facts relied upon by plaintiff do not establish that he was under imminent danger of serious physical injury when he filed this complaint.  He alleges several isolated incidents of harassment by

prison guards that occurred in the past, rather than incidents which would indicate an ongoing, repeated pattern of abuse in the prison and imminent risk to his safety and welfare. While he does not provide specific dates for each alleged incident, he does state that the flooding of his cell occurred in November 2013, a full year before he filed the instant complaint.  His allegations that he may in the future contract a disease are both implausible and purely speculative; they do not suffice to show imminent danger of serious physical injury.

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of '[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests.'"  *Ball v. Famiglio*, 2015 WL 136568, at *4, *quoting Abdul–Akbar v. McKelvie*, 239 F.3d 307, 318–19 (3d Cir.2001).  The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury.  Castillo has repeatedly abused the judicial process not only in the federal district courts in Louisiana, but in other courts as well.  Based on his relentless and repeated frivolous filings, even the United States Supreme Court has had to restrict his filings.  The Supreme Court recently ruled:  "*As petitioner has repeatedly abused this Court's process*, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner" unless he satisfies certain conditions.  *See Castillo v. Louisiana*, 135 S.Ct. 154 (Oct. 6, 2014).

Here, Castillo fails to show that his circumstances warrant an exception to be made. Notably, the instant ruling does not prohibit Castillo from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees.

For the foregoing reasons, **IT IS ORDERED** that Castillo's motion to proceed *in forma pauperis* is **DENIED** pursuant to Title 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 20th day of _____January_____, 2014

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE